ESTATE OF BERNARD KESSLER, DECEASED, MITCHELL W. RABBINO, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ESTATE OF KESSLER v. COMMISSIONER
Docket No. 1387-76.
United States Tax Court
T.C. Memo 1978-491; 1978 Tax Ct. Memo LEXIS 27; 37 T.C.M. (CCH) 1851-11; December 11, 1978, Filed *27 Richard J. Carter, Jr. and Arthur J. Mahon, for the petitioner. Gerald J. O'Toole and Alyce C. Halchak, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in the estate tax of Bernard Kessler, the decedent, in the amount of $465,492.10. The estate claims an overpayment of tax. Respondent has amended his pleadings to claim an increased deficiency. The sole question for decision is the fair market value as of October 21, 1972, of 326,720 shares of common stock of Unishops, Inc., a merchandising chain. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Bernard Kessler (hereinafter referred to as decedent) died on April 21, 1972. He was a resident of Short Hills, New Jersey. At the time of his death, he was chairman of the board and president of Unishops, Inc. Mr. Mitchell W. Rabbino and Mr. Lewis Lauretz, also officers of Unishops, Inc., were appointed executors of the decedent's will by the Surrogate Court, Essex County, New Jersey. Mr. Lauretz thereafter died *28 and Mr. Rabbino continued to act as sole executor. He resides in New Rochelle, New York. The estate tax return for the decedent's estate was filed with the District Director, Newark, New Jersey. At the time of his death on April 21, 1972, decedent owned 326,720 shares of Unishops, Inc., common stock, being approximately 5.7 percent of the total shares then outstanding. On the date of death, registered shares of the common stock of Unishops, Inc., were traded on the New York Stock Exchange at a mean price of $18.875 per share. The decedent's shares were not registered with the Securities and Exchange Commission for public sale and were subject to restrictions in the manner in which stock could be sold without prior registration. The estate tax return was filed in January 1973. In that return, the alternate valuation date of October 21, 1972, was elected with respect to the 326,720 shares of Unishops, Inc., common stock. On that date, registered shares of such stock were traded on the New York Stock Exchange at a mean price of $7.09375. In the estate tax return, the Unishops, Inc., shares owned by the decedent were reported at a value of $4.25625 per share. Subsequently, the *29 estate filed a claim for refund dated February 5, 1975, alleging that the fair market value of the 326,720 shares of Unishops, Inc., common stock on October 21, 1972, was 50 cents per share. In the notice of deficiency, the estate was advised that the claim for refund would be disallowed and an increased deficiency was claimed. As of October 21, 1972, the fair market value of 326,720 shares of common stock of Unishops, Inc., in the estate of the decedent, subject to the restrictions with respect to the sale thereof, was $1,200,000. OPINION In this case, the Court is asked to find the fair market value of 326,720 shares of common stock of Unishops, Inc., as of October 21, 1972, taking into consideration the fact that such stock was not registered with the Securities and Exchange Commission and could not be offered for public sale without such registration. The parties also seemed to agree that to first register such stock for sale would be impractical. Both sides presented expert testimony. Petitioner's experts attributed little, if any, value to the stock. For all practical purposes, the petitioner would have the Court find that the stock had no fair market value. *30 The respondent's expert witness placed a value of $4.96 per share, or a total of $1,620,531.00, as of the alternate valuation date. His value was arrived at by taking the mean price at which unrestricted shares were traded on the New York Stock Exchange on that date, and reducing such value by 30 percent to reflect the discount at which the restricted stock could be sold. In the Court's opinion, the discount was inadequate, taking into consideration particularly the fact that the earnings of Unishops, Inc., had declined sharply and the corporation would report a loss. Faced with the wide disparity between the opinions of petitioner's experts and the opinion of respondent's expert, the burden falls upon the Court to substitute its judgment with respect to the value with very little assistance from the parties. It is unrealistic to argue that the stock was practically worthless, even though Unishops, Inc., thereafter was forced to seek relief under Title 11 of the Bankruptcy Act. This could not be foreseen on October 21, 1972.
On the other hand, Unishops, Inc., in April 1972 was successful in obtaining a loan of $20,000,000 from Prudential Insurance Company. At least at that *31 time there must have been some reasons for anticipating that the corporation would work out of its difficulties. Mr. Rabbino apparently was of that opinion when he filed the estate tax return in January 1973. It is also fair to infer that the 326,720 shares of Unishops, Inc., common stock in the estate of Bernard Kessler, coupled with the stock in his brother's estate and in family trusts, exercised control over the affirs of the corporation. Presumably for that reason, no effort was made to seek a purchaser for the decedent's shares who would want to become a part of the management. Such a purchaser would nevertheless be expected to require a substantial discount from the traded price of unrestricted shares on the New York Stock Exchange. Taking that discount into consideration, it is the opinion of the Court that a purchaser having an interest in participating in the management of Unishops, Inc., would be willing to pay as much as $1,200,000 for these shares. On that basis the Court finds the fair market value of the 326,720 shares of common stock of Unishops, Inc., as of October 21, 1972, to be $1,200,000. Decision will be entered under Rule 155.